Kennan E. Kaeder
Attorney at Law
110 West C Street
Suite 1300
San Diego, Ca 92101
619-232-6545
619-374-7277 Fax
SBN: 102570

FILED
2008 AUG 11 PM 3:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ KWH _____ DEPUTY

Attorney for Plaintiff Smart Salt, Inc.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Smart Salt, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Mineral Resources International, Inc. and Does 1 through 25, inclusive,<br><br>Defendants | Case No.: 08 CV 1040 LAB BLM<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH SERVICE OF PROCESS<br><br>Date: August 25, 2008<br>Time: 11:15 a.m.<br>Courtroom 9<br>Judge: Hon. Larry Alan Burns |

I

DEFENDANT WAS PROPERLY SERVED

AS A FOREIGN CORPORATION

Defendant's motion is little more than a delaying tactic. The affidavit of Marysa Cardwell, human resources director of Defendant, acknowledges receipt of an envelope at Defendant's business in Ogden, Utah delivered by certified mail and she signed for it. She further admits the envelope contained a copy of the Civil Cover Sheet, Plaintiff's complaint and a Summons.

This service was proper. As discussed in Schwarzer, Tashima et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, 9th Circuit Edition,* Ch. 5-F, ¶5:202, et. seq., (2008):

[5:202] Service on a *nonresident* (foreign) business entity can be effected by certified or registered mail, with return-receipt requested. [See Calif. CCP § 415.40; and Weil & Brown, *Cal. Prac. Guide: Civ. Pro. Before Trial* (TRG), Ch. 4].

[5:203] **Under federal law:** Under the Federal Rules, a business entity (domestic or foreign corporation or partnership or association subject to suit under a common name) can be served by delivering a copy of the summons and complaint to:
• an officer;
• a managing or general agent;
• *any other agent* authorized by appointment or by law to receive service of process. (If the agent is authorized by statute and the statute so requires, copies of the summons and complaint must also be mailed to the defendant.) [FRCP 4(h)(1)(B)]

(1) [5:204] **"An officer":** Service may be made on *any* officer of the business entity. It need not be the highest ranking officer or one with management authority. [See *Koninklijke Luchtvaart Maatschappij N.V. v. Curtiss–Wright Corp.* (SD NY 1955) 17 FRD 49, 50–51—service on assistant secretary of corporation; and *Concept Industries, Inc. v. Carpet Factory, Inc.* (ED WI 1972) 56 FRD 58, 59—service on secretary of corporation]

(2) [5:205] **"Managing or general agent":** The process may be delivered to someone *not* an officer but who has substantial responsibility for the affairs of the business entity: "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." [*Bridgeport Music, Inc. v. Rhyme Syndicate Music* (6th Cir. 2004) 376 F3d 615, 624]

(a) [5:206] **"Responsible" employee:** Service may be effected by delivery to a person of such authority and responsibility as to render it likely he or she will know what to do with the papers received. Such person is deemed a "managing or general agent" for purposes of Rule 4(h)(1)(B). [*Montclair Electronics, Inc. v. Electra/Midland Corp.* (SD NY 1971) 326 F.Supp. 839, 842; *Baade v. Price* (D DC 1997) 175 FRD 403, 405—person served must have *some measure of discretion* in operating some phase of defendant's business or in management of a given office]

FRCP 4(h)(1)(B) merely requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent...." Obviously first class mail certified, return receipt requested is delivery, which Defendant admits. Clearly the human resources director of

Defendant who signed for it, would be someone "who will know what to do with the papers received." *Montclair Electronics, Inc., supra,* at 842. And of course she did. Ms. Cardwell obviously gave the papers to the president, Mr. Anderson, who also filed an affidavit and thus impliedly admits notice of the action, and this silly motion is the result.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied.

Dated: August 11, 2008                                    Respectfully submitted,

                                                          Kennan E. Kaeder
                                                          Attorney for Plaintiff

## PROOF OF PERSONAL SERVICE

I am employed in the City and County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address 110 West C Street, Suite 1300, San Diego, California.

On August 11, 2008 I caused to be served the attached: Memorandum of Points & Authorities In Opposition To Motion to Quast on the parties in this action by delivering a true and correct copy thereof to:

Philip J. Giacinti, Jr.
Procopio, Cory, Hargreaves & Savitch, LLP
530 B Street, Suite 2100
San Diego, Ca 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, California on August 11, 2008

Kennan E. Kaeder