1  Philip J. Giacinti, Jr. (Bar No. 065909)
   PROCOPIO, CORY, HARGREAVES &
2       SAVITCH LLP
   530 B Street, Suite 2100
3  San Diego, California 92101
   Telephone: 619.238.1900
4  Facsimile: 619.235.0398

5  Attorneys for Defendant,
   Mineral Resources International, Inc.

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 SMART SALT, INC.,                    | Case No.: 08 CV 1040 LAB BLM

11             Plaintiff,               | **REPLY MEMORANDUM IN
                                        | SUPPORT OF MOTION TO QUASH
12 v.                                   | SERVICE OF PROCESS**

13 MINERAL RESOURCES INTERNATIONAL,     | NO ORAL ARGUMENT PURSUANT TO
   INC.; and JOHN DOES 1 through 25, inclusive, | LOCAL RULE
14
                                        | Ctrm:      9
15             Defendants.              | Judge:     Hon. Larry Alan Burns

16

17         Defendant Mineral Resources International, Inc. ("MRI"), by and through its undersigned

18 counsel of record, hereby respectfully submits it reply memorandum in support of its motion to

19 quash service of process.

20                                   **I.**

21                          **STATEMENT OF FACTS**

22         1.      As human resource director of MRI since August of 2007, even concerning

23 matters within the scope of her position, such as hiring or firing employees, selecting company

24 benefit plans and providers, or creating or modifying company employment policies, Marysa

25 Cardwell has never had authority to independently make or implement management decisions by

26 herself without input and authorization from her immediate supervisor, Bruce Anderson

27 (company president), or other managers affected by such decisions.

28

## II.

## ARGUMENT

**A.** **Plaintiff did not complete service of process by "delivery"**

In Plaintiff's memorandum in opposition to Defendant's motion to quash service of process, Plaintiff argued that Plaintiff properly served Defendant in this case by "delivering" a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process, in compliance with FRCP Rule 4(h)(1)(B). Without citing any legal authority in support thereof, Plaintiff concluded that "[o]bviously first class mail certified, return receipt requested is delivery." Finally, Plaintiff alleged that Plaintiff completed service by "delivery" by sending a certified letter addressed only to "Mineral Resources International, Inc.," which was actually received and signed for by Marysa Cardwell, MRI's human resources director. The remainder of Plaintiff's argument concerning whether service of process was properly accomplished was based upon this mischaracterization of the law.

The Federal Rules of Civil Procedure do not provide for completion of service of process solely by mailing, except to the extent that FRCP Rule 4(e)(1) allows for service in the manner authorized by state law—either the law of the state in which the action is filed, or the law of the state in which the summons and complaint are to be served—and such state law allows for service solely by mailing.

FRCP Rule 4(h)(1)(B) states that a corporation located in a judicial district of the United States must be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process—and if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

The dual requirement of completing service upon certain corporate agents both by "delivery" and by "mailing" as is set forth in FRCP Rule 4(h)(1)(B) is illustrative of the fact that the Federal Rules of Civil Procedure distinguish service by "mailing" from service by "delivery." Service by "delivery" is commonly defined as the actions of a process server, who is personally present in

1    the close proximity of the person to be served, in physically placing or attempting to place a copy

2    of the summons and complaint in the hands or physical control of the person to be served.  *See*,

3    *Slaieh v. Zeineh*, 539 F. Supp. 2d 864, 868 (S.D. Miss. 2008).  Accordingly, service by certified

4    mail—return receipt requested—is not equivalent to service by "delivery," as alleged by Plaintiff.

5    Whereas Plaintiff did not attempt to serve Defendant by "delivering" a copy of the

6    summons and complaint, FRCP Rule 4(h)(1)(B) and the Federal law interpreting such rule (as set

7    forth in Plaintiff's brief) is inapposite to this case.  Rather, if Plaintiff is alleging that it completed

8    service by "mailing" in compliance with the law of the State of Utah or the law of the State of

9    California, the Court should look to the law of such states to determine whether service was

10   properly accomplished.

11           **B.     Plaintiff did not comply with Utah law concerning service by mailing**

12   As was set forth in Defendant's previous memorandum, URCP Rule 4(d)(1)(E) allows

13   service by mail or commercial courier service only if  "defendant's agent authorized by

14   appointment or by law to receive service of process signs a document indicating receipt."  In this

15   case, Marysa Cardwell was not MRI's agent to receive service of process, either by appointment

16   or as a matter of law.  Accordingly, Plaintiff's attempted service of process by certified mail did

17   not comport with the requirements of Utah State law and was not valid.

18           **C.     Plaintiff did not comply with California law concerning service by mailing**

19   As was set forth in Defendant's previous memorandum, Cal. Civ. Pro. Code §415.40 and

20   Cal. Civ. Pro. Code §416.10(b) govern service by mailing on an out-of-state corporation.

21   According to California case law interpreting such rules of procedure, in a fact situation almost

22   identical to the one at issue in this case, a certified letter addressed only to the corporation, rather

23   than to the statutorily described persons to be served—either by name or by position—does not

24   strictly comply with the California statutes applicable to service by mail of an out-of-state

25   corporation.  *Dill v. Berquist Const.*, 29 Cal. Rptr. 2d 746, 750-751 (Cal. App. 4 Dist. 1994).

26   However, a plaintiff could substantially comply with such statutes, and service would be proper

27   under California law, if the summons and complaint was actually received by one of the

28

1  statutorily described persons to be served, even if it was not properly addressed to one of those

2  persons. *Dill*, *supra*, 29 Cal. Rptr. 2d at 752.

3        In this case, Plaintiff did not strictly comply with the applicable statutes, nor did it

4  substantially comply with the applicable statutes, because the subject certified letter was neither

5  addressed to nor received by one of the statutorily described persons to be served.  Under Cal.

6  Civ. Pro. Code §416.10(b), the statutorily described persons to be served on behalf of a corporate

7  defendant are the following:  the president, chief executive officer, or other head of the

8  corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a

9  controller or chief financial officer, a general manager, or a person authorized by the corporation

10  to receive service of process.  A person who is merely authorized to sign for mail is not among

11  those specified in Cal. Civ. Pro. Code §416.10(b) to receive service of process.  *Dill*, *supra*, 29

12  Cal. Rptr. 2d at 752.

13        Marysa Cardwell did not hold any of the positions of any of the statutorily described

14  persons to be served on behalf of the corporation.  She was not the president, chief executive

15  officer or other head of the corporation (MRI).  She was not a vice president, secretary or assistant

16  secretary, treasurer or assistant treasurer, controller or chief financial officer of MRI.  Even

17  though on June 18, 2008, Marysa was, only by default, temporarily authorized to sign for mail

18  delivered to the company premises, because she was substituting for the regular company

19  receptionist, which receptionist likewise is also not authorized by MRI to receive service of

20  process. Marysa was not a person authorized by the corporation to receive service of process.

21  Finally, she was not a general manager of the corporation.

22        In the context of Cal. Civ. Pro. Code §416.10(b), the term "general manager" has been

23  defined by at least two California Appellate Courts.  The Second District Court of Appeals has

24  defined "general manager of a corporation," as follows: "one who has general direction and

25  control of the business of the corporation as distinguished from one who has the management

26  only of a particular branch of a business; he may do everything which the corporation could do in

27  transaction of its business." *General Motors Corp. v. Superior Court for Los Angeles County*, 93

28  Cal. Rptr. 148, 151 (Cal. App. 2 Dist. 1971).  The Third District Court of Appeals has defined

115902/000001/954025.02

"general manager" as "any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." *Gibble v. Car-Lene Research, Inc.*, 78 Cal. Rptr. 2d 892, 903 (Cal. App. 3 Dist. 1998). However, in implementing that definition, the court found the test to be satisfied only by an individual who had independent authority to make and implement business decisions on behalf of the company. *See*, *Gibble*, *supra*, 78 Cal. Rptr. 2d at 903. Marysa Cardwell did not have authority to make or implement any independent business decisions on behalf of the company, and therefore, was not a "general manager" for MRI, as that term has been used in the context of Cal. Civ. Pro. Code §416.10(b), and defined in California state case law.

Based on the foregoing, Plaintiff's attempted service of process by certified mail did not comport with the requirements of California state law and was not valid.

### III.

### CONCLUSION

Plaintiff did not attempt to serve Defendant by "delivering" a copy of the summons and complaint. Therefore, FRCP Rule 4(h)(1)(B) and Federal case law interpreting such rule (as set forth in Plaintiff's brief) is inapposite to this case. Furthermore, Plaintiff has failed to properly complete service by mailing upon MRI under either Utah law or California law. Accordingly, MRI respectfully requests the Court to quash Plaintiff's purported service of process upon MRI, and to require Plaintiff to comply with the applicable provisions of FRCP Rule 4, prior to requiring MRI to file an Answer to Plaintiff's Complaint.

Defendant is not simply trying to make unnecessary work for the Court or Plaintiff.

Improper service on a company the size of Defendant makes it difficult and expensive to respond in less than the time provided by law.

115902/000001/954025.02

       If Defendant's motion is granted, Defendant's counsel will accept service of process with an acknowledgment and respond accordingly in the time provided by law after having the appropriate time to comply with Rule 11 and Rule 26.

DATED: August 18, 2008             PROCOPIO, CORY, HARGREAVES &
                                          SAVITCH LLP


                               By: /s/ Philip J. Giacinti, Jr.
                                  Phillip J. Giacinti, Jr.
                                  Attorneys for Defendant,
                                  Mineral Resources International, Inc.

115902/000001/954025.02

1  Philip J. Giacinti, Jr. (Bar No. 065909)
   PROCOPIO, CORY, HARGREAVES &
2      SAVITCH LLP
   530 B Street, Suite 2100
3  San Diego, California 92101
   Telephone: 619.238.1900
4  Facsimile: 619.235.0398

5  Attorneys for Defendant,
   Mineral Resources International, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  SMART SALT, INC.,                    Case No.: 08 CV 1040 LAB BLM

11            Plaintiff,                 PROOF OF SERVICE

12  v.

13  MINERAL RESOURCES INTERNATIONAL,     Ctrm:    9
    INC.; and JOHN DOES 1 through 25, inclusive,  Judge:   Hon. Larry Alan Burns
14
            Defendants.
15

16        I am a resident of the State of California, over the age of eighteen years, and not a party to

17  the within action.  My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH

18  LLP, 530 "B" Street, Suite 2100, San Diego, California 92101.  On August 18, 2008, I served the

19  within documents:

20            **REPLY MEMORANDUM IN SUPPORT OF MOTION**
              **TO QUASH SERVICE OF PROCESS**
21

22  ☐     by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the
          fax number(s) set forth below on this date before 5:00 p.m.  A copy of the transmission
23        confirmation report is attached hereto.

24  ☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully
          prepaid, in the United States mail at San Diego, California addressed as set forth below.  I
25        am readily familiar with the firm's practice of collection and processing correspondence
          for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the
26        same day with postage thereon fully prepaid in the ordinary course of business.  I am
          aware that on motion of the party served, service is presumed invalid if postal
27        cancellation date or postage meter date is more than one day after date of deposit for
          mailing an affidavit.

28

115902/000001/940017.01

1

☐   by placing the document(s) listed above in a sealed overnight envelope and depositing it

2   for overnight delivery at San Diego, California, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice,

3   correspondence would be deposited in the overnight box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

4

☐   by causing personal delivery via Knox Attorney Service, Inc., c/o their affiliate, of the

5   documents listed above to the person at the address set forth below.

6

☐   by the Court's Electronic Filing System pursuant to U.S. District Court, Southern District, Local Civil Rule 5.4(c)

7

8   Kennan E Kaeder, Esq.
  Law Office of Kennan E Kaeder
  110 West C Street, Suite 1300

9   San Diego, CA 92101

10

☐   *(State)* I declare under penalty of perjury under the laws of the State of California that

11   the above is true and correct.

12   ☒   *(Federal)* I declare that I am employed in the office of a member of the bar of this court
  at whose direction the service was made.

13   Executed on August 18, 2008, at San Diego, California.

14

15   Christine A. Waltman

16

17

18

19

20

21

22

23

24

25

26

27

28

2